The Memorandum Decision and Order below is hereby signed.  Dated: July 21, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                  )
                                       )
REGINA WILLIAMS,                       )   Case No. 08-00116
                                       )   (Chapter 13)
            Debtor.                    )   Not for Publication in
                                       )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DENYING FEE APPLICATION

Shortly after the commencement of this case, the debtor's counsel filed a Rule 2016(b) statement which disclosed only $1,000 in payments received.  She has now filed a fee application in which she states that she has received $2,000 in payments.

If she received an additional $1,000 after the initial Rule 2016(b) statement was filed, Rule 2016(b) required her to file a supplemental statement "within 15 days after any payment or agreement not previously disclosed."  See In re Taylor, 2004 WL

1

1746112, at *1 (Bankr. D.D.C. Aug. 4, 2004).  Moreover, until payment of that additional $1,000 was approved by the court, the attorney was not entitled to collect the same (because it was estate property), and was obligated to hold the $1,000 in escrow on behalf of the debtor and subject to the debtor's direction and control.  Id.[1]  As stated in In re Jensen, 2008 WL 2405023, at *4 n.7 (Bankr. E.D. Pa. June 13, 2008):

> To receive such a payment without running afoul of the bankruptcy regulatory scheme, the transaction would have to be disclosed and counsel would have to maintain the funds in a trust account until the payment is allowed by the bankruptcy court.  In effect, for administrative convenience, the attorney would simply be segregating funds that remained property of the debtor (and the bankruptcy estate); upon demand by the debtor, the attorney would be obliged to transfer the money in the trust account back to the debtor.

If the attorney received $1,000 and was holding it in escrow on behalf of, and subject to the direction of, the debtor, she should have disclosed in a supplemental Rule 2016(b) statement that she was so holding the funds, and she ought not have collected the $1,000 towards payment of her fees unless and until authorized by order of the court.

At this juncture, the debtor's counsel has not been given an opportunity to respond regarding whether there was a violation. The original Rule 2016(b) statement may have been in error

---

[1] This is true even though a plan was confirmed in this case because the order confirming that plan provided that the property of the estate would not vest in the debtor until all plan payments were completed.

2

instead of an additional $1,000 being received later.  In any event, because of the discrepancy with the Rule 2016(b) statement, I will deny the fee application without prejudice, with the issue of addressing any violation to await the filing of an amended fee application.

If, indeed, there was a subsequent receipt of another $1,000, the debtor's counsel should either return the $1,000 to the debtor or place the $1,000 received postpetition into a trust account subject to the direction of the debtor as to its disposition unless and until the court authorizes payment of any fees from that $1,000.  In any event, the debtor's counsel needs to file an amended Rule 20169b) statement.  It is thus

ORDERED that the pending fee application is denied without prejudice, and within 15 days of entry of this order the debtor's counsel shall file an amended Rule 2016(b) statement.  It is further

ORDERED that for 90 days after entry of this Memorandum Decision and Order, the clerk shall post a copy outside the meeting of creditors' room and outside the court's courtroom.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of United States Trustee.

3